IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION



UNITED STATES OF AMERICA,
    Plaintiff,

v

DARREN L. PETSAS,
    Defendant.

Case Number: 12cr10151

### ORDER OF DETENTION PENDING TRIAL

This Court conducted a detention hearing pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq, on Friday, November 13, 2015 in compliance with the procedural time requirements set forth therein. Based upon the information contained in the Pretrial Services Report, the evidence presented at the hearing, and the arguments of counsel, the Court finds as follows:

**1.** This case DOES involve a factor or factors set forth at 18 U.S.C. § 3142(f)(1), to wit:

☐ None of the below factors present
☒ (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b (g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
☒ (B) an offense for which the maximum sentence is life imprisonment or death;
☐ (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
☐ (D) any felony if the Defendant has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;

☒ (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code

2. This case DOES involve a factor or factors set forth at 18 U.S.C § 3142(f)(2), to wit:

☐ None of the below factors present
☒ (A) a serious risk that the Defendant will flee;
☐ (B) a serious risk that the Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror

3. This case DOES involve a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community pursuant to 18 U.S.C. § 3142(e)(3), to wit:

☐ (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;
☐ (B) an offense under section 924 (c), 956 (a), or 2332b of this title;
☐ (C) an offense listed in section 2332b (g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed;
☐ (D) an offense under chapter 77 of this title for which a maximum term of imprisonment of 20 years or more is prescribed; or
☒ (E) an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244 (a)(1), 2245, 2251, 2251A, 2252 (a)(1), 2252 (a)(2), 2252 (a)(3), 2252A (a)(1), 2252A (a)(2), 2252A (a)(3), 2252A (a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

The Defendant HAS NOT rebutted the presumption for the reasons stated on the record, to wit, the Defendant's flight from this jurisdiction during the prosecution of this case, as well as a prosecution in Marshall County, Illinois,

said prosecution arising out of the same facts which precipitated this federal prosecution.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The Defendant is remanded into the custody of the United States Marshal.

Entered on November 13, 2015

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE